RECEIVED
USDC CLERK, CHARLESTON, SC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

2006 MAR 14  P  4:47

| | |
|---|---|
| John Timothy Smith, #233610, ) | C. A. No. 2:05-2964-PMD-RSC |
| Petitioner, ) | |
| -versus- ) | **REPORT AND RECOMMENDATION** |
| Warden A. J. Padula; Attorney ) General of the State of South ) Carolina, ) | |
| Respondents. ) | |

This habeas corpus petition under 28 U.S.C. § 2254 filed October 28, 2005, by a state prisoner proceeding *pro se* and *in forma pauperis* is before the undersigned United States Magistrate Judge for a report and recommendation on the parties' cross-motions for summary judgment. 28 U.S.C. § 636(b).

## PROCEDURAL HISTORY

The petitioner, John Timothy Smith, was indicted for murder in April 1996 by the Greenville County Grand Jury (1996-GS-23-2927). On May 21, 1996, the petitioner, represented by Hal Roach, Esquire, proceeded to a jury trial before the Honorable Paul M. Burch, at the conclusion of which the petitioner was convicted of murder. Judge Burch sentenced the petitioner to imprisonment for the remainder of his natural life.

A timely notice of intent to appeal was filed on the Petitioner's behalf and an appeal was perfected by Joseph L. Savitz, III, Esquire. Counsel for the Petitioner filed an Anders brief raising as the sole arguable issue: "whether the court

erred when it admitted into evidence state's exhibit 57, a picture of the victim's skull and reflected scalp from the autopsy where the probative value of this photo was substantially outweighed by prejudice to the defendant?" App. II, p. 247. After a review pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), the South Carolina Supreme Court affirmed the petitioner's conviction and sentence. <u>State v. Smith</u>, Op. No. 99-MO-035 (S.C. Sup. Ct. filed March 30, 1999). App., Vol. II, p. 286. A petition for rehearing was denied on May 13, 1999. The remittitur was entered on May 13, 1999.

The petitioner filed a post-conviction relief application on June 17, 1999. William C. McMaster, III, represented the petitioner at an evidentiary hearing on August 27, 2002, before the Honorable John W. Kittredge. Judge Kittredge initially dismissed the petitioner's case due to the petitioner's assaultive conduct. However, the court entered an Order dated November 1, 2002, granting the petitioner a new trial, finding that trial counsel Roach's representation was constitutionally ineffective. App. II, p. 327-330. The state filed a motion to alter or amend on November 1, 2002, and the state PCR court entered an Order denying the motion on January 15, 2003. App. II, p. 335.

The state filed a Petition for a Writ of Certiorari on October 22, 2003, in which it posited the following questions:

2

> 1. Did the lower court err in finding that the Respondent was entitled to an involuntary manslaughter jury charge?
>
> 2. Did the lower court err in finding that trial counsel was ineffective for failing to preserve for appeal the trial court's denial of an involuntary manslaughter jury charge?

The petitioner filed a Return to the Petition for a Writ of Certiorari on March 9, 2004. The Supreme Court of South Carolina granted the a Petition for a Writ of Certiorari by Order dated November 5, 2004, and the parties' briefs were subsequently filed. On June 20, 2005, the South Carolina Supreme Court reversed the grant of PCR relief in a summary *per curiam* order. <u>Smith v. State of South Carolina</u>, Memo. Op. No. 2005-MO-031 (June 20, 2005).

The petitioner filed the instant petition for a writ of habeas corpus under 28 U.S.C §2254 on October 28, 2005, and raised the following grounds for relief:

> I. Trial Counsel was ineffective in not preserving for direct appeal the trial court's denial of an involuntary manslaughter jury charge.
>
>> A. Jury charge of involuntary manslaughter was requested. The judge denied the request. Counsel failed to object to preserve the issue for appeal.
>
> II. Sentence imposed is disproportionate to offense.
>
>> A. There was no evidence shown by the prosecutor that Applicant intentionally caused the death of the victim.
>
> III. Malicious Prosecution.

3

    A.    The prosecutor did not try the case in a professional manner.

    B.    The prosecutor allowed personal prejudice to become his motive.

    C.    The prosecutor ignored evidence which pointed to a possible third party being involved.

    D.    The prosecutor built his case around theory and conjecture.

The following materials have been made part of the record here:

1. Smith v. State, South Carolina Supreme Court - Petition for Writ of Certiorari by South Carolina.

2. Appendix Volume I, pages 1-249.

3. Appendix Volume II, pages 1-345.

4. Supplemental Appendix.
5. Brief of Petitioner State of South Carolina.

6. Brief of Respondent John T. Smith.

7. Smith v. State of South Carolina, Memo. Op. No. 2005-MO-031 (June 20, 2005).

The petitioner was provided a copy of the respondent's summary judgment motion on January 19, 2006, and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). The petitioner filed a response to respondents' motion and filed a motion for summary judgment on February 14, 2006. Hence

4

it appears consideration of the motions is appropriate.

### HABEAS CORPUS STANDARD OF REVIEW

The present habeas corpus petition has a filing date of December 19, 2005. Accordingly, the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") apply to this case. <u>Lindh v. Murphy</u>, 117 S.Ct. 2059 (1997). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254 (d)(1)(2).

The first requirement has been explained by the United States Supreme Court in <u>Williams v. Taylor</u>, 120 S.Ct. 1495 (2000)(plurality opinion). Writing for a plurality of the Court, Justice O'Connor held that,

> ... § 2254(d)(1) places a new constraint on the power of a federal habeas corpus court to grant a state habeas petitioner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1) the writ may issue only if one of the following two conditions is satisfied – the state-court adjudication resulted in a decision that (1) 'was contrary to. . . clearly established federal law as determined by the Supreme Court of the United States,' or (2) 'involved an unreasonable application of . . . clearly established Federal law as determined by the Supreme Court of the United States.'

5

Id. at 1523 (O'Connor, J., concurring in judgment).

With respect to the "unreasonable application" clause, Justice O'Connor further explained that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." Id. at 1522.

In sum, the AEDPA amendments exalt the role that a state court's decision plays in a habeas decision by specifically directing the federal court to make the state court decision the starting point of federal review; only if that decision deviates from the paradigm recited in § 2254(d) can a habeas court grant relief.

## **EXHAUSTION AND PROCEDURAL BYPASS**

Additionally, federal habeas relief is available only to a person held in custody in violation of the Constitution or laws or treaties of the United States who has exhausted his state remedies.  The statute provides:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or

>    (B)(i) there is an absence of available State corrective process; or
>
>    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

Thus, to satisfy the statutory requirements, a petitioner first must exhaust his claims by presenting them to the highest state court with jurisdiction to decide them before seeking relief through the federal writ of habeas corpus. Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). Indeed, a claim is unexhausted unless the substance of a petitioner's claims are "fairly presented" to the state courts. The Matthews court explained,

> The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not suffice. In other words, fair presentation contemplates that both operative facts and the controlling legal principles must be presented to the state court.

Id.

If, however, a habeas petitioner has not presented certain issues to the state's highest court, the claim "nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if petitioner attempted to raise it at this juncture." Georgia v. Angelone, 100 F.3d 353,

363 (4th Cir. 1996). However, since the petitioner has no further way to exhaust his unexhausted claims, he is not required to attempt to do so; his claims are deemed technically exhausted for habeas purposes. Matthews v. Evatt, 105 F. 3d 907 (4th Cir. 1997).

Although the claims here are technically exhausted, they are nonetheless unreviewable on the merits because an adequate and independent state law ground, state procedural bypass, is sufficient to uphold the petitioner's convictions. Where a petitioner fails to comply with a state procedural rule, and that failure provides an adequate and independent ground for the state's denial of relief, federal review will also be barred if the state court has expressly relied on the procedural default. Harris v. Reed, 489 U.S. 255 (1989); Coleman v. Thompson, 501 U.S. 722, 735 (1991). Additionally if a petitioner fails to present a ground for decision, so the state court has nothing upon which to rule, that is a default barring review on the merits here as well. Coleman 501 U.S. at 735; Teague v. Lane, 489 U.S. 288 at 299 (1989). In other words, where the state court has not had the opportunity to apply its own procedural bar the federal court will nevertheless bar the claim where application of the bar is clear. Teague, 489 U.S. at 297-98; Bassette v. Thompson, 915 F.2d 932, 937 (4th Cir. 1990).

Nonetheless, a petitioner may overcome the default by showing cause for the default and prejudice therefrom, or actual innocence. See, e.g., Harris v. Reed, 489 U.S. 255 (1989).

## DISCUSSION

A review of the record and relevant case law reveals that Ground I should be denied on the merits and that Grounds II and III may not be reached on the merits in federal habeas corpus because they were procedurally defaulted when abandoned at the PCR level.

Ground I is: "Trial Counsel was ineffective in not preserving for direct appeal the trial court's denial of an involuntary manslaughter jury charge." The South Carolina Supreme Court denied that claim thus:

> Per Curium: We granted a writ of certiorari to review the circuit court's grant of post-conviction relief to respondent, John T. Smith. We now reverse pursuant to Rule 220(b)(1), SCACR and the following authorities: State v. Caberera-Pena, 361 S.C. 372, 605 S.E.2d 522 (2004) (where no evidence exists to support charge on lesser-included offense of involuntary manslaughter, defendant is not entitled to the charge); State v. Atkins, 293 S.C. 294, 299, 360 S.E.2d 302, 305 (1987), overruled on other grounds, State v. Torrence, 305 S.C. 45, 406 S.E.2d 315 (1991) (lesser included offense instruction is required only when the evidence warrants such an instruction); Pierce v. State, 338 S.C. 139, 144, 526 S.E.2d 222, 225 (2000) (if no probative evidence exists to support the findings of the PCR judge, this Court will reverse).
>
> REVERSED.
>
> TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.

It cannot be said that the decision that counsel was not

9

ineffective for not objecting to the trial court's refusal to charge the jury with involuntary manslaughter was contrary to clearly established federal law as determined by the Supreme Court of the United States, or involved an unreasonable application of clearly established Federal law as determined by the Supreme Court of the United States.

In <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052 (1984), the Supreme Court announced a two-prong test to determine if counsel's assistance was ineffective: "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." <u>Id.</u> at 687, 104 S.Ct. at 2064. This performance is to be judged by an objective standard of reasonableness. <u>Id.</u> at 688, 104 S.Ct. at 2064; accord, e.g., <u>Bell v. Cone</u>, 122 S.Ct. 1843, 1850 (2002).

Second, the defendant must show prejudice from counsel's performance. <u>Strickland v. Washington</u>, 466 U.S. at 687, 104 S.Ct. at 2064. The "question is whether there is a reasonable probability that, absent the errors, the fact finder would have had a reasonable doubt respecting guilt." <u>Id.</u> at 695, 104 S.Ct. at 2068-69. Put another way, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694, 104 S.Ct. at 2068; see also, e.g.,

Bell v. Cone, 122 S.Ct. at 1850..

Here, the South Carolina Supreme Court rejected the PCR judge's finding of ineffective assistance of counsel by holding that counsel was not ineffective because the petitioner was not entitled to the lesser included charge on involuntary manslaughter. The court found that there existed no evidence that the petitioner could be guilty of only involuntary manslaughter, as required under state case law to so charge. Further, the jury convicted the petitioner of murder rather than voluntary manslaughter, which the judge did charge, so that it cannot be said that counsel's performance undermined confidence in the outcome of the trial. In short, trial counsel cannot be ineffective for failing to make a meritless futile objection. Neither Strickland prong was satisfied, and no habeas relief should issue.

Next, although the petitioner raised Grounds II and III in his pleadings before the PCR court, he elected to proceed on the single issue raised here in Ground I. In South Carolina, that failure to pursue claims at the PCR hearing constitutes abandonment of the claims and the claims are thereafter procedurally barred from appellate review. See, Plyler v. State, 309 S.C. 408, 424 S.E.2d 477 (1992); S.C. Code Ann. § 17-27-80. Further, Petitioner has failed to overcome the default by showing cause for the default and prejudice therefrom, or actual innocence. See, e.g., Harris v. Reed, 489 U.S. 255 (1989). The

court should not review these two grounds on their merits.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that the respondents' motion be granted, that the petitioner's motion be denied, and that this petition be dismissed.

                              Respectfully Submitted,

                              Robert S. Carr
                              United States Magistrate Judge

Charleston, South Carolina

March 14, 2006

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk<br>
United States District Court<br>
Post Office Box 835<br>
Charleston, South Carolina 29402